IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-24 |
| | § | |
| STEVEN MOTT (6) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Steven Mott's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 17, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Tom Gibson.

Steven Mott was sentenced on September 30, 2015, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Manufacture and Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of V, was 140 to 175 months. Steven Mott was subsequently sentenced to 140 months imprisonment and 5 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug abuse testing/treatment and mental health treatment. On October 8, 2015, Mr. Mott's sentence was reduced to 93 months imprisonment. On July 24, 2021, Steven Mott completed his period of imprisonment and began service of the supervision term.

On October 18, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 268, Sealed]. The Petition asserts that Defendant violated seven (7) conditions of supervision, as follows: (1) The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; (2) The defendant shall not leave the judicial district without the permission of the Court or probation officer; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (5) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (6) You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation office, until such time as the defendant is released from the program by the probation officer; and (7) You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. You must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines [Dkt. 268 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Mr. Mott failed to report to the U.S. Probation Office within 72 hours of release; (2) On July 25, 2021, Mr. Mott traveled to the Northern District of Texas without permission; (3) On July 19, 2021, and July 27, 2021, Mr. Mott submitted urine samples that tested positive for methamphetamine. On July 19, 2021, Mr. Mott also admitted to using synthetic marijuana; (4) On July 25, 2021, Mr. Mott

associated with convicted felon Sonya Townsend (DOB: 3/22/1978) without permission; (5) On July 25, 2021, Mr. Mott had contact with the Richardson Texas Police Department and failed to notify his probation officer within seventy-two hours; (6) On July 22, 2021, Mr. Mott failed to appear for random drug testing; and (7) On October 14, 2021, Mr. Mott was unsuccessfully discharged from the residential reentry center in Tyler, Texas. [Dkt. 268 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1, 2, 4, 5, 6, and 7 of the Petition. The Government dismissed allegation 3. Having considered the Petition and the plea of true to allegations 1, 2, 4, 5, 6, and 7, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 279, 280].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eight (8) months, with a term of supervised release of three (3) years to follow.

The Court further recommends imposition of the following special conditions: (1) The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring the defendant's sources of income; (2) The defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing; (3) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any

combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. The defendant shall pay any cost associated with treatment and testing; and (4) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of up to 180 days to commence immediately upon release, and you must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released. While at the facility, your subsistence requirement shall be waived, and you will be required to save at least 25% of your gross income for the purpose of securing a personal residence and provide verification to the probation officer.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 2nd day of December, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE