# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:14-CR-24-6 ALM-AGD |
| | § | |
| STEVEN MOTT | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on March 14, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Public Defender Jon Hyatt. The Government was represented by Assistant United States Attorney Dustin Farahnak.

On September 30, 2015, United States District Judge Amos L. Mazzant II, sentenced Defendant to one hundred forty (140) months imprisonment followed by five (5) years of supervised release. *See* Dkt. No. 229. On October 9, 2015, Mr. Mott's sentence was reduced to 93 months imprisonment, which is below the original guideline range. The sentence was reduced for changed circumstances, per the Amended Judgment. *See* Dkt. No. 234. On July 24, 2021, Steven Mott completed his period of imprisonment and began service of the supervision term.

On October 12, 2023, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. No. 288), alleging Defendant violated five conditions of his supervised release. The Petition asserts Defendant violated the following conditions of supervision: (1) You must refrain from any unlawful use of a controlled substance.

1

You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court; (2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; (3) You must answer truthfully the questions asked by your probation officer; (4) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; and (5) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any costs associated with treatment and testing. *See id*.

The Petition asserts Defendant violated the foregoing conditions as follows:

(1) Mr. Mott submitted to a urinalysis on September 13, 2023, and the specimen was confirmed positive for methamphetamine by the lab. Mr. Mott was also drug tested on September 20, 2023, and that specimen was positive for methamphetamine. Mr. Mott later admitted to using methamphetamine prior to each drug test.

(2) Mr. Mott failed to report to the probation office as instructed by the probation officer on September 29, 2023, and on October 2, 2023.

(3) Mr. Mott did not answer July 2023 and August 2023 monthly supervision reports truthfully by not informing the probation officer of his current address.

(4) In August 2023, Mr. Mott did not inform the probation officer of his change in residence and was living at this unapproved residence for approximately one month.

(5) Mr. Mott failed to submit to drug tests on September 28, 2023, September 29, 2023, and on October 2, 2023, as instructed.

On March 14, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for March 14, 2024. Defendant entered a plea of true to allegation No. 1 and consented to revocation of his supervised release and waived his right to object to the proposed findings and recommendations of the undersigned. *See id*; Dkt. No. 300. The Government moved to withdraw allegations two through five., which the Court granted. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the March 14, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eighteen (18) months, with no supervised release to follow such term of imprisonment. The Court further recommends that Defendant be placed at FCI Texarkana in Texarkana, Texas, if appropriate.

**SIGNED this 16th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE